# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SCOTT M. BURTON,
             Appellant,

            v.

OFFICE OF PERSONNEL
     MANAGEMENT,
             Agency.

DOCKET NUMBER
CH-0841-14-0691-I-1

DATE: July 14, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Scott M. Burton</u>, Westerville, Ohio, pro se.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his petition for reinstatement of his Federal Employees' Group Life Insurance (FEGLI) policy for lack of jurisdiction and affirmed the Office of Personnel Management's (OPM's) decision regarding his disability retirement

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

annuity. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    OPM issued a reconsideration decision denying the appellant's application for reinstatement of his Federal Employees' Retirement System (FERS) disability retirement annuity for 2014. Initial Appeal File (IAF), Tab 15.[2] OPM stated that, for the calendar year 2013, the appellant reported income that exceeded 80% of the 2013 base pay of the position from which he retired. *Id.* OPM explained that, under these circumstances, the appellant was deemed restored to earning capacity and became disqualified for a disability annuity.[3] *Id.* OPM also found that the appellant was not eligible to be enrolled in the FEGLI program. *Id.*

---

[2] The appellant filed his appeal prior to OPM issuing a reconsideration decision on his application. IAF, Tab 1. While the appeal was pending with the Board's regional office, OPM issued the reconsideration decision. IAF, Tab 15.

[3] In OPM's final submission into the record below, it stated that, based on the appellant's earnings for calendar year 2011, it determined that he was restored to earning capacity. IAF, Tab 28. OPM also stated that because the appellant's annuity was not terminated until August 1, 2013, he had received an annuity overpayment. *Id.* OPM indicated that the appellant had requested waiver of the overpayment on September 11, 2013, and on February 20, 2014, OPM advised him that based on his

¶3     The administrative judge found that the appellant's reported income for 2013 exceeded the amount that he may earn and continue to receive his disability annuity, disqualifying him from annuity payments for 2014.[4]  IAF, Tab 30, Initial Decision (ID) at 4.  Thus, she affirmed the reconsideration decision.  She noted that when the appellant's disability annuity ceased, OPM had no funds from which to pay the appellant's FEGLI premiums.  ID at 2.  She found that, with exceptions not applicable in this case, jurisdiction over FEGLI issues resides in the federal district courts and the Court of Claims, not the Board.  *Id*.  Thus, she found that the Board had no jurisdiction to review the appellant's claims regarding his loss of eligibility for the FEGLI program.  *Id*.

¶4     In his petition for review, the appellant asserts, as he did below, that his disability annuity should be reinstated for 2014.  Petition for Review (PFR) File, Tab 1.  He also contends that he was forced to increase his earnings beginning in 2011 because OPM erroneously failed to increase his annuity due to his loss of social security disability benefits.  *Id.*

¶5     Under 5 U.S.C. § 8455(a)(2), the annuity of a FERS disability annuitant who is restored to earning capacity before becoming 60 years of age terminates upon reemployment by the federal government or 180 days after the end of the calendar year in which earning capacity is restored, whichever is earlier.  *See* 5 C.F.R. § 844.402(a).  Earning capacity is deemed restored if, in any calendar year, the annuitant's income from wages and/or self-employment equals at least 80% of the current rate of basic pay of the position he occupied immediately before retirement.  5 U.S.C. § 8455(a)(2); 5 C.F.R. § 844.402(b). OPM will reinstate a disability annuity terminated because earning capacity was

reconsideration request, it would take no further collection action on the overpayment issue. *Id.*

[4] The administrative judge stated that the appellant was disqualified for disability payments beginning January 1, 2015. ID at 4. She apparently meant that the appellant was disqualified in 2014.

restored when the disability annuitant again loses earning capacity, as determined by OPM. 5 C.F.R. § 844.404(c)(1)(iii). The reinstated annuity is payable from January 1 of the year following the calendar year in which earning capacity was lost. 5 C.F.R. § 844.404(c)(2). An appellant bears the burden of proving his entitlement to a disability retirement annuity. *Hudson v. Office of Personnel Management*, 87 M.S.P.R. 385, ¶ 5 (2000); 5 C.F.R. § 1201.56(a)(2). OPM, however, is obliged to come forward with evidence and an explanation demonstrating the basis on which it reached its determination. *Hollifield v. Office of Personnel Management*, 83 M.S.P.R. 563, ¶ 15 (1999).

¶6        The appellant does not dispute OPM's evidence showing that on December 31, 2013, he reported income of $47,910, and that this amount exceeded 80% of the base salary wage of his former position with the U.S. Postal Service in 2013, i.e., exceeded 80% of $55,523. *See* IAF, Tab 15. Rather, the appellant contends that he had to supplement his income because of OPM's delay in increasing his disability annuity by $629 per month due to his loss of a social security disability annuity. PFR File, Tab 1.

¶7        While a FERS disability annuitant is also receiving a social security disability annuity, his FERS disability annuity must be reduced by the social security disability amount to which he is entitled, as determined by the Social Security Administration, because such amount represents an assumed social security disability amount used in computing the FERS annuity. 5 U.S.C. § 8452(a)(2); *Maxwell v. Office of Personnel Management*, 78 M.S.P.R. 350, 355 (1998), *overruled on other grounds by Conner v. Office of Personnel Management*, 120 M.S.P.R. 670 (2014), *aff'd*, No. 2014-3129 , 2015 WL 1061870 (Fed. Cir. Mar. 12, 2015). However, when a FERS disability retirement annuitant loses his entitlement to social security disability benefits because he has had gainful employment, OPM must recalculate his FERS disability retirement annuity to account for the cessation of his monthly social security disability benefits. *Stephenson v. Office of Personnel Management*, 705 F.3d 1323, 1328

(Fed. Cir. 2013). Here, the appellant lost his entitlement to social security disability benefits in 2010, but OPM did not recalculate his FERS annuity to account for the cessation of social security benefits until 2013. IAF, Tab 29. The appellant states that it was during the years that OPM delayed recalculating his FERS disability annuity that he was forced to earn more than 80% of the base pay of his former position with the Postal Service in order to meet his living expenses. *Id.* The appellant believes that because OPM's delay in recalculating his FERS disability annuity[5] was the reason that he had to earn more than 80% of the base pay of his former position, it was error for OPM to deny his request that his disability annuity be reinstated. PFR File, Tab 1.

¶8      It is well settled, however, that the government cannot be estopped from denying benefits not otherwise permitted by law even if the claimant was denied monetary benefits because of his reliance on the mistakes of a government official. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990). To the extent that OPM's delay in recalculating the appellant's annuity can be deemed a mistake, nonetheless, it does not provide a basis to find that OPM improperly denied the appellant's application for reinstatement of his annuity for the year following the year that he earned 80% of the base pay of his former position. By law, the appellant's annuity cannot be reinstated until the

---

[5] When the appellant first sought recalculation of his annuity upward to terminate the offset for his receipt of social security disability benefits, it was OPM's position that it did not have do such a recalculation, and that annuitants would have to bear the loss of income. *See Stephenson*, 705 F.3d 1323, 1324-25. During the interval that OPM delayed recalculating the appellant's annuity, the issue of whether OPM must do such a recalculation was being litigated before the Board and the U.S. Court of Appeals for the Federal Circuit. *Id.* In 2013, the court resolved the issue, finding that OPM must recalculate FERS disability retirement annuities upward when the annuitant is not entitled to social security disability benefits. *Id.* at 1328. After the court issued its decision in *Stephenson*, OPM recalculated the appellant's disability annuity upward to terminate the offset for his receipt of social security benefits, and it authorized a net payment of $10,623.30 to compensate him for his full underpayment. IAF, Tab 8 at 5.

year following the year that he earns less than 80% of the base pay of his former position.[6] 5 U.S.C. § 8455(b)(2); 5 C.F.R. § 844.404(c).

¶9    Finally, the appellant states on review that he believes that it was unfair for OPM not to allow him to continue his participation in the FEGLI program, but he does not dispute the administrative judge's finding that the Board does not have jurisdiction over FEGLI issues under the circumstances of this case.  PFR File, Tab 1.  We find no basis to disturb the administrative judge's finding regarding the lapse of payment of his FEGLI premiums.  *See Richards v. Office of Personnel Management*, 97 M.S.P.R. 291, ¶¶ 7-8 (2004) (finding that it was unnecessary to remand an appeal to issue a jurisdictional show cause order because the evidence showed that the dispute involved a FEGLI issue over which the Board is clearly without jurisdiction).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline

---

[6] In his petition for review, the appellant states that, during 2014, he earned less than 80% of the base pay of his former position, and that he has requested OPM to reinstate his FERS disability annuity on that basis.  PFR File, Tab 1.  However, the Board cannot review this claim until either OPM issues a final decision on the matter or OPM refuses or improperly fails to issue a final decision.  5. U.S.C. § 8461(e)(1); *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498 ¶¶ 15-16 (2014).

and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.